**Bert VAN HOOSE et al., Appellants,**

**v.**

**Tive DANIEL et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

W. B. Hazelrigg, R. B. Harrington, Paintsville, for appellants.

Eugene C. Rice, G. C. Perry, III, Paintsville, for appellees.

GEORGE O. BERTRAM, Special Commissioner.

## AFFIRMING ON ORIGINAL APPEAL REVERSING ON CROSS-APPEAL

Prior to September 23, 1956, appellant, Bert Van Hoose, and appellee, Tive Daniel, purchased a gas well in Johnson County. Thereafter, they entered into the following written agreement:

"This agreement, made and entered into this the 23rd day of September, 1956, by and between Bert E. Van Hoose, party of the first part, and Tive Daniel, party of the second part. Witnesseth: That the parties hereto have purchased from the Evans Oil and Gas Company and Oliver Jenkins and the Thealka Coal Company, a gas well located on the old William Castel tract of land on Toms Creek, Johnson County, Kentucky, and the parties hereto hereby agree that *no gas shall be sold from said well without the written consent of both parties hereto, neither shall any gas be given from said well without said written consent of said parties.*" (Emphasis added)

Bert and Tive resided in their respective residences at Tutor Key, Kentucky on the date of the agreement. The residence of each was located on land owned by the respective parties or their wives. Each family was using gas from the gas well prior to the purchase and continued such use until Tive and his wife Edna moved to Paintsville and on September 6, 1960, conveyed their Tutor Key residence and approximately one acre to Don and Betty Kenner. Included in the deed of conveyance from Tive and Edna to Don and Betty was a one-fourth undivided interest in the gas well. However, there was a clause in the deed as follows:

"It is understood and agreed by the parties here that no gas shall be used from this well except for the use of the residence on the said property."

On October 6, 1960, Bert filed suit in the Johnson Circuit Court against Tive and the Kenners seeking to set aside that portion of the conveyance from Tive and Edna to the Kenners that attempted to convey an interest in the gas well. The trial court entered judgment July 20, 1962, sustaining the contention of Bert. An appeal was taken from this judgment to this court by Tive and the Kenners. However, the appeal was never perfected and was dismissed by this court on motion of Bert.

On return of the action to the trial court an "Order of Restitution" was granted in favor of Bert directing the sheriff of Johnson County to "cut off and stop the gas being so diverted by such means as may be necessary". Tive appealed this order to this court and we reversed and remanded the case to the trial court for further proceedings. However, the opinion was not reported nor is it a part of the record on this appeal.

It appears that Tive and Edna repurchased the property in question, that is, the one acre and residence they sold to the Kenners. Thereafter Tive and Edna rented the residence and the tenants were allowed to use gas from the well in question.

On March 25, 1965, Tive and Edna filed suit in the Johnson Circuit Court against Bert and his wife Ora alleging: Appellants had prior to March 25, 1965, on several occasions threatened to and did cut the gas off while tenants of Tive and Edna occupied the residence in question; that the tenants vacated the residence by reason thereof, leaving it vacant for a period of eighteen months; that appellees were entitled to damages of $50 per month for the eighteen months, as well as future months the residence remained vacant by reason of the threats and the actual cutting off of the gas; that appellees were entitled to $5,000 punitive damages for the malicious acts of appellants; and that appellees should be granted injunctive relief, attorneys fees and costs. Appellants counterclaimed for $2,500 damages and injunctive relief to prevent appellees from selling, renting or giving away gas from the well.

By agreement the first and second actions were consolidated and all evidence and exhibits in both were to be used in the action instituted March 25, 1965. The trial court entered a judgment December 24, 1965, which was amended January 27, 1966. We are concerned only with the amended judgment, the pertinent part of which is as follows:

> " * * * each party may use or cause to be used upon their premises, in their dwelling houses and buildings adjacent thereto, their one-half interest in the gas well, either themselves or to their renters upon the premises thereon, providing, however, that they shall practice good, approved methods and means of consuming the said gas without wasting thereof, that is, that neither party shall hereafter permit gas to be burned in open receptacles, outside their dwelling houses, or buildings adjacent thereto. At all times both parties shall use due caution and moderation in using gas in order to protect the source thereof."

On January 27, 1966, the trial court entered an order dismissing all claims for damages on the ground they were too remote and indefinite.

We conclude the Chancellor correctly adjudged the rights of the parties with respect to the use of the gas for the benefit of the premises owned by them. The evidence establishes that was the purpose for which the gas well was purchased. The provision that no gas should be sold or given away without the written consent of the parties pertained to the disposal of gas to other persons. By contemporary construction both parties at least tacitly agreed that the written consent provision did not relate to the use of gas on the premises upon which it had theretofore been utilized for domestic purposes. The right of user extended to appellees' tenants.

Appellants have abandoned their claim for damages but we think the Chancellor improperly dismissed appellees' claim, which issue is raised by cross-appeal. It is alleged that appellants wrongfully cut off the supply of gas while tenants were occupying appellees' residence and that they threatened prospective renters with litigation concerning this subject. It is further alleged that by reason thereof appellees lost the rental value of this property. We find nothing remote or indefinite about this claim for damages and the Chancellor should hear proof on this issue.

The judgment is affirmed on the original appeal and reversed on the cross-appeal for proceedings consistent with this opinion.

All concur.